**CULLINAN ASSOCIATES, INC,**
Plaintiff/Appellant,

v.

**George A. CLEMENTS,**
Defendant/Appellee.

Civ.A. No. 95–0915–R31–R.
Bankruptcy No. 7–92–02216–HPR–7.

United States District Court,
W.D. Virginia,
Roanoke Division.

April 16, 1997.

See also 131 F.3d 133.

Leon Patrick Ferrance, Key & Tatel, Roanoke, VA, for George A. Clements.

Howard J. Beck, Jr., Gentry, Locke, Rakes & Moore, Roanoke, VA, for Cullinan Associates, Inc.

Evelyn K. Krippendorf, Roanoke, VA, Pro se.

## MEMORANDUM OPINION

JACKSON L. KISER, Chief Judge.

Before me is Cullinan Associates' appeal from Bankruptcy Judge H. Clyde Pearson's order of September 24, 1996. The parties have fully briefed the issues and have presented oral argument. The appeal is therefore ripe for decision. For the reasons contained herein, the decision below shall be affirmed.

### STATEMENT OF THE CASE

This is the second appeal of litigation instituted by plaintiff/appellant Cullinan on December 21, 1992, which seeks the denial the appellee/debtor George A. Clements' discharge, pursuant to Bankruptcy Code §§ 727(a), (a)(4)(A) and (a)(7). The first appeal resulted in this Court's Order vacating the August 17, 1994 decision of the bankruptcy court and remanding the case for consideration of various issues outlined in this Court's Memorandum Opinion of February 17, 1995 ("Memorandum Opinion").

On July 28, 1995, the bankruptcy court, in the remanded proceeding, heard additional evidence and took the matter under advisement. At this rehearing, the parties entered into a written stipulation of issues to be tried on remand consistent with this Court's Order. Following the rehearing the parties submitted briefs regarding their respective positions. Subsequently, on December 14, 1994, the bankruptcy court entered an order indicating that it was in a "... state of vagueness as to what specifically is required either on issues or findings ..." The parties responded with a joint letter on July 26, 1996, indicating that they had nothing further to offer the court by way of stipulated issues or findings and requested the court to

proceed with rendering a decision. The bankruptcy court rendered its decision on September 24, 1996, giving rise to this appeal.

## STATEMENT OF FACTS

In the late 1980's, appellee Clements lived in an apartment located above his floral business. A fire destroyed much of the building. Clements and his business (George's, Inc.) contracted with Cullinan to undertake the necessary repairs. While the repairs were in progress, a dispute arose between the parties relating to the quantity of materials and quality of work. Until that dispute arose, Cullinan was receiving payments from Clement's insurance company. Once the dispute occurred and remained unresolved, Clements had the insurance funds deposited in an escrow account.

Cullinan filed suit against Clements for approximately $17,000 in the City of Roanoke Circuit Court. Clements acknowledged owing $8,500, but contested the remainder of the balance. In March of 1992, the Court granted judgment and award in favor of Cullinan for $14,019 and took under advisement the issue of attorney's fees. Between March 1992 and September 1992, Clements paid Cullinan approximately $11,500.00 from the escrow account toward the non-attorney's fee portion of the judgment. Subsequently, the Court awarded $12,233.05 in attorney's fees to Cullinan. On September 30, 1992, Clements filed his personal Chapter 7 petition, which included the attorney's fees award as well as other debts he was unable to pay.

George's, Inc. filed its petition for business bankruptcy on October 28, 1992, which also included the award of attorney's fees. Appellees claim that the bulk of the petition was prepared earlier in October and was based on the business' fiscal year-end report prepared by an accountant. Clements signed George's bankruptcy petition on October 5, 1992 and signed a Declaration Concerning Debtor's Schedules on October 27, 1992.

The creditors meeting for George's, Inc. was held on November 19, 1992, at which Clements affirmed that he had reviewed and signed the schedules and statement of financial affairs and that they were complete and accurate. A Motion to Dismiss the corporate bankruptcy was filed on November 20, 1992, and on December 20, 1992, Cullinan filed its initial complaint (alleging only § 523 violations). In January 1993, the bankruptcy court heard the Motion to Dismiss and ordered the corporate Trustee to fully investigate the case. The Trustee concluded that the bankruptcy of George's, Inc. was a no asset case.

In February of 1994, Cullinan amended its complaint to include § 727 allegations. At trial on June 1, 1994, Cullinan chose to proceed only on the § 727 allegations.

At trial, it was revealed that Clements had made a number of inaccurate statements in his statement of financial affairs and schedules. He admitted, *inter alia*, that George's transferred some of its assets shortly before bankruptcy to Calla Lily, Ltd., a corporation solely owned by Clements.

## DISCUSSION:

### I. Standard of Review

■ Pursuant to Federal Rule of Bankruptcy Procedure 8013, the bankruptcy court's findings of fact are to be set aside only if they are clearly erroneous. The district court is limited to considering only that evidence presented to the bankruptcy court and made part of the record. *In re Bartlett,* 92 B.R. 142, 143 (E.D.N.C.1988). The bankruptcy court's conclusions of law, however, are reviewed *de novo. In re Neis,* 723 F.2d 584, 589–90 (7th Cir.1983).

### II. Issues on Appeal

In the Memorandum Opinion of February 17, 1995, I held that (1) the bankruptcy court, in determining whether the debtor intended to "hinder, delay, or defraud," should have addressed the numerous indicia of fraud in the record, in addition to the issue of whether the transfers were made with full consideration; (2) the bankruptcy court should have considered whether the debtor had an intent not only to "defraud" but also to "delay" or "hinder" his creditors; (3) the bankruptcy court should not have relied on the Trustee's decision and on Cullinan's decision to abandon its section 523 claims; (4) the bankruptcy court should have considered whether the debtor was recklessly indifferent

to the truth in determining whether the debtor "made a false oath or account;" (5) the bankruptcy court should reconsider its reliance on the debtor's "lag time" explanation for inaccurate statements in light of evidence that he signed the statements only a day before the filing; and (6) the bankruptcy court should have considered whether the debtor's explanation for inaccuracies that he was "confused" when examined occurred during a "confusing" period of the examination. I shall address the bankruptcy court's treatment of each issue *seriatim.*

## A. Indicia of Fraud

■ In both its first and second rulings, the bankruptcy court held that under § 727(a)(2), there must be a finding of actual intent to defraud. In its original ruling, the bankruptcy court concluded that no such fraud existed, reasoning that full consideration had been paid for the transfers in question. In the Memorandum Opinion, I concurred that consideration was probative regarding the finding of specific intent to defraud, but that the bankruptcy court should have gone further to address the timing of the transfers, that the transfers were made between two corporations controlled by Clements, and that the transfers were made subsequent to the entry of judgment.

Although the bankruptcy court did not discuss these factual matters in great depth they were mentioned as factors. The bankruptcy court again heavily relied on the fact that full consideration was paid for the transfers and points out that Cullinan offered no additional evidence as to "badges of fraud" on rehearing. While I do not believe Cullinan was required to present *additional* evidence of fraud, I find that the bankruptcy court, having considered the above factual matters, was not clearly erroneous in its finding.

## B. Intent to Delay or Hinder

■ On remand the bankruptcy court considered specifically whether the debtor had an intent to "delay or hinder" the creditors. It found no such intent, relying on the testimony of the debtor and the Trustee to conclude that the estate had not been reduced in order to hinder or delay collection attempts by the plaintiff. It also points out that because of the bank's blanket lien on the transferred assets, Cullinan could not have benefitted even had the assets not been transferred to Calla Lily. The bankruptcy court's treatment of this issue is not clearly erroneous.

## C. Reckless Indifference

■ The bankruptcy court considered on remand whether its previous reliance on the "lag time" argument and acceptance of the debtor's explanation that he was "confused" during the creditor's meeting was misplaced in determining whether the debtor knowingly made a false oath or was recklessly indifferent to the truth. Upon rehearing the debtor testified that his financial statement contained inaccuracies because it was prepared well in advance of filing and some changes may have occurred during the period before filing. The bankruptcy court found the truthfulness of this testimony to be "clear and convincing" after observing the debtor's "candor, demeanor, and truthfulness." Though I am not persuaded that this explanation is "clear and convincing," I must affirm the bankruptcy court's reliance on it because it is not clearly erroneous.

The bankruptcy court also concluded on remand that the debtor was indeed confused during the creditor's meeting and that he had not attempted to evade or make fraudulent misrepresentations. It noted that at times two or three questions were asked at once, and that new questions were asked before he had an opportunity to answer prior questions. It also noted that certain statements, e.g. concerning the existence of a checking account and cash, while technically inaccurate, were of *de minimis* importance because of the small value of the assets.

## CONCLUSION

Because I find that the bankruptcy court's treatment of issues on remand is not clearly erroneous, the decision below shall be affirmed.